## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JELD-WEN, INC., f/k/a Grossman's Inc., | : | |
| | : | |
| Appellant, | : | Case No. 1:08-cv-00427-UNA |
| | : | |
| v. | : | |
| | : | |
| MARY VAN BRUNT and GORDAN | : | |
| VAN BRUNT, | : | |
| | : | |
| Appellees. | : | |
| | : | |
| IN RE: | : | Chapter 11 |
| | : | Case No. 97-00695 (PJW) |
| GROSSMAN'S INC., et al., | : | Case No. 97-00696 (PJW) |
| | : | Case No. 97-00697 (PJW) |
| Debtors. | : | |
| | : | Adv. Pro. No. 07-51602 |

## JOINT MOTION FOR RELIEF FROM REQUIREMENTS OF DISTRICT COURT STANDING ORDER DATED JULY 23, 2004, REQUIRING MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL

JELD-WEN, inc., f/k/a Grossman's Inc., appellants in the above captioned appeal

("JELD-WEN") and Mary Van Brunt and Gordan Van Brunt, appellees in the above

captioned appeal (the "Van Brunts"), by and through their respective undersigned

counsel, respectfully move (the "Motion") for entry of an order, granting the parties to

the above-captioned appeal relief from the Order Regarding Procedures to Govern

Mediation of Appeals from the United States Bankruptcy Court for this District (the

"Bankruptcy Court"), dated July 23, 2004 (the "Mediation Order"). In support of the

Motion, the parties state as follows:

1

**BACKGROUND**

1.      In May 2007, the Van Brunts filed a lawsuit in the Supreme Court of the

State of New York, County of Erie against, *inter alios*, JELD-WEN.  In the lawsuit, the

Van Brunts seek to recover damages for their asbestos-related personal injuries allegedly

caused by Mary Van Brunt's exposure to asbestos products she purchased at JELD-

WEN.  As against JELD-WEN, the Van Brunts assert five causes of action:

1) negligence; 2) breach of warranty; 3) strict liability; 4) civil conspiracy and collective

liability/concert of action; and 5) spousal loss of consortium.

2.      On June 29, 2007, JELD-WEN initiated an adversary proceeding in the

Bankruptcy Court by filing its Complaint for 1) Permanent Injunction Enjoining

Defendants' Prosecution of Claims Against JELD-WEN, inc., 2) Determination that

Defendants' Claims Have Been Discharged, and 3) Award of Damages (the

"Complaint"), in which it requested entry of an order (i) permanently enjoining the Van

Brunts from asserting or pursuing any claims against JELD-WEN based upon any contact

or relationship with JELD-WEN or any predecessor of JELD-WEN prior to January 19,

1998, (ii) declaring that the Van Brunts' claims against JELD-WEN were discharged, (iii)

imposing sanctions against the Van Brunts and (iv) awarding attorneys' fees to JELD-

WEN.

3.      On June 9, 2008, the Bankruptcy Court entered its Judgment Order (the

"Order") in which it granted judgment in favor of the Van Brunts and denied all relief

requested by JELD-WEN in its Complaint.

4.      On June 16, 2008, JELD-WEN commenced this appeal by filing its Notice

of Appeal in the Bankruptcy Court.

5.    On July 18, 2008, the parties received a Notice of Mediation (attached as

Exhibit A) from Kevin F. Brady, which indicated that Mr. Brady had been assigned to act

as the mediator in this appeal pursuant to the Standing Order of the Court dated July 23,

2004, and requesting to schedule a pre-mediation telephone conference with the

undersigned counsel during the week of July 28, 2008.

6.    The undersigned counsel each conferred with their respective clients and

agreed that mediation would not serve a useful purpose in this appeal and would be an

unnecessary waste of time and resources for their respective clients, for Mr. Brady and

for the Court.  Therefore, on July 24, 2008, the undersigned counsel sent to Mr. Brady a

letter (attached as Exhibit B) under both of their signatures indicating to Mr. Brady that

the parties wish to by-pass the mediation process.

7.    On July 29, 2008, Mr. Brady responded to counsels' July 24, 2008, letter

by email (attached as Exhibit C) and indicated that he lacked authority to agree to a

modification of the mandatory mediation process and requested that the parties petition

this Court for relief.

## RELIEF REQUESTED

8.    By this Motion, the parties seek relief from the Mediation Order on the

grounds that mediation would serve no useful purpose in this instance.  Specifically, there

is no dispute for a mediator to resolve because the only issues on appeal are the purely

legal issues set forth in the statement of issues on appeal filed by JELD-WEN.  Such

issues must be determined by this Court and cannot be resolved through mediation.

9.    Furthermore, the mediation required by the Mediation Order would cause

the parties to unnecessarily incur additional expenses as they will be required to (i) draft

3

position papers for any mediator and (ii) prepare for and attend the required mediation session(s). The parties will also bear the burden of paying for the services of the mediator.

10.    Given the futility of mediation and in order to avoid additional, unnecessary expenses being incurred by the parties, the parties respectfully request that this Court waive compliance with the Mediation Order.

## BASIS FOR RELIEF

11.    The parties believe that mediation is neither appropriate nor necessary because, essentially, the only issue this appeal involves is the purely legal issue of whether the Bankruptcy Court erred in concluding that the Van Brunts' claims were not discharged by JELD-WEN's 1997 bankruptcy as the claims did not arise prior to JELD-WEN's April 7, 1997, petition date.

12.    Bankruptcy Rule 8019 provides that this Court may suspend the requirements or the provisions of the Bankruptcy Rules governing appeals of orders of bankruptcy courts and may order other proceedings in accordance with this Court's direction "in the interest of expediting decision or for other cause." FED. R. BANKR. P. 8019.

13.    In this instance, cause exists to grant the relief requested herein. Given that the purely legal issues on appeal cannot be resolved through mediation, the parties do not believe that they should be compelled to bear the unnecessary expense and delay that mediation would entail.

14.    In addition, granting the requested relief from the Mediation Order would greatly expedite the Court's decision in this appeal.  For this reason as well, granting the relief requested herein is appropriate under Bankruptcy Rule 8019.

WHEREFORE, the Appellant and the Appellees jointly request that this Court enter an order (i) granting the parties to this appeal relief from the Mediation Order, (ii) authorizing the appeal to proceed before this Court without mediation, and (ii) granting such further relief as may be just and proper.

Dated: July 30, 2008

/s/ Frederick B. Rosner
Frederick B. Rosner (DE 3995)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

-and-

FOSTER PEPPER, PLLC
Christopher M. Alston
111 Third Ave., #3400
Seattle, WA 98101
Telephone: (206) 447-4400
Facsimile: (206) 447-9700

**COUNSEL FOR APELLANT JELD-WEN, INC.**

/s/ Daniel K. Hogan
Daniel K. Hogan (DE 2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE  19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599

-and-

STUTZMAN,  BROMBERG,  ESSERMAN & PLIFKA, P.C.
Cliff I. Taylor
2323 Bryan Street, Suite 2200
Dallas, TX  75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**COUNSEL FOR APPELLEES MARY VAN BRUNT AND GORDAN VAN BRUNT**

# **EXHIBIT A**



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**Kevin F. Brady**
**Partner**
**TEL**     (302) 888-6257
**FAX**     (302) 255-4257
**EMAIL**   kbrady@cblh.com
**REPLY TO** Wilmington Office

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

July 18, 2008

Frederick B. Rosner, Esquire
Duane Morris LLP
1100 N. Market Street, Ste. 1200
Wilmington DE 19801

Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington DE 19806

> *Re:*  ***Appeal: In Re: JELD-WEN v. Van Brunt, et al.***
> ***Case No. 1:08-cv-00427-UNA***

## NOTICE OF MEDIATION

Dear Counsel:

In accordance with the provisions of the Standing Order of the Court dated July 23, 2004, (the "Standing Order), I have been assigned to act as the Mediator in the captioned matter.

In order to schedule the date, time, number of hours allotted for the mediation and to discuss matters relating to the mediation itself, I will conduct a pre-mediation telephone conference sometime during the week of July 28, 2008. Please advise me by email or telephone of your available dates that week. At that conference, I hope to set a schedule for the parties to submit their respective confidential position paper of no more than ten (10) pages consistent with the provisions of the referenced Standing Order at Paragraph 5(1).

As you know, mediation is a non-binding process in which an impartial, neutral third-party (the Mediator) facilitates communication between the parties to a dispute in an effort to assist the parties in reaching a mutually acceptable and voluntary settlement of their dispute and to ensure that the parties memorialize whatever settlement they may have reached in a written settlement agreement. As a third-party neutral, the Mediator does not, and I will not represent any party to the dispute. My service as a Mediator in this matter does not create an attorney/client relationship between me or Connolly Bove Lodge & Hutz LLP ("Connolly Bove"), on the one hand, and any of the parties to the dispute, on the other hand. Please explain to your clients my role as a Mediator in these matters and have them confirm to me *in writing* that they understand my role and will not assert that my serving as a Mediator or my access to confidential information about them in that connection is a basis for disqualifying Connolly Bove from representing another of its clients in any matter in which your client(s) or any other party has an interest or constitutes a breach of any duty owed to that party.

By participating in the mediation process, the parties and their counsel agree to cooperate and participate in good faith in the mediation. This does not mean that any party is required to compromise its position, or ultimately to settle the dispute. It does require, however, that each party cooperate with each other and with the Mediator in a good faith effort to negotiate a prompt and reasonable resolution of the dispute. Pursuant to Paragraph 5(b) of the Standing

July 18, 2008
Page 2

Order, unless I direct otherwise, the mediation must be attended by the senior lawyer for each party and by the person or persons with actual authority to negotiate a settlement of the case.

The mediation process shall be treated as a compromise or offer to compromise for the purpose of Rule 408 of the Federal Rules of Evidence and any applicable State Rules of Evidence. Pursuant to the Paragraph 5(c) of the Standing Order, the Mediation shall be and shall remain completely confidential.

I will charge for my time in preparing for and conducting the mediation at my current hourly rate of $515.00 per hour, plus any reasonable disbursements and other charges incurred in the performance of my services. Pursuant to Paragraph 5(e) of the Standing Order, one-half of such fees and expenses shall be paid by the appellant(s) and one-half of such fees shall be paid by the appellee(s).

Contemporaneously with the filing of the confidential position paper, the appellant and the appellees shall advance the sum of $1,000 payable to *Connolly Bove Lodge & Hutz LLP* (Fed. I.D. No. 51-0095196) for each side. Said advance will be deposited in our general trust account. I will charge my fees and related charges against the advance and credit them on my billing statements. In the event my fees and charges exceed the advance deposited with us, I will bill you for the excess. Any unused portion of the advance will be returned to you at the conclusion of my services. *Please do not send copies of any correspondence involving this mediation to the Clerk's office to avoid the docketing of a letter which contains confidential information.*

Please sign the enclosed acknowledgment page where indicated and return same to me as soon as possible.

I look forward to working with you in this matter.

Yours very truly,

Kevin F. Brady

KFB/gm
Enclosures
623643_1

Re:    *Appeal:  In Re:  JELD-WEN v. Van Brunt, et al.*
       *Case No. 1:08-cv-00427-UNA*


On behalf of my client who is a party to the above-referenced appeal, I acknowledge the provisions of the Standing Order of the Court dated July 23, 2004 (a copy of which is attached hereto).  I also acknowledge and agree to be bound by the terms set forth herein above.


Dated: _____        _____

                                      Daniel K. Hogan, Esquire
                                      Counsel for Mary and Gordon Van Brunt

# **EXHIBIT B**

| | |
|---|---|
| Direct Phone | (206) 447-2906 |
| Direct Facsimile | (206) 749-1904 |
| E-Mail | AlstC@foster.com |

July 24, 2008

**VIA E-MAIL**

Kevin F. Brady, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange St.
Wilmington, DE 19899

      Re:    Appeal in <u>JELD-WEN v. Van Brunt,</u> Case No. 1:08-cv-00427-UNA

Dear Mr. Brady:

The undersigned are counsel for all of the parties in the above-referenced appeal. We are writing in response to your Notice of Mediation dated July 18, 2008.

The parties do not believe that mediation will be productive. JELD-WEN, Inc., the plaintiff/appellant, commenced the adversary proceeding from which this appeal is made to determine whether the tort claims of defendants/appellees Mary and Gordan Van Brunt were discharged in the debtors' bankruptcy case and to seek damages from the Van Brunts for violation of the discharge. Because the bankruptcy issues on appeal do not involve JELD-WEN's potential liability for any such claims (which issues are currently being litigated in the State of New York), JELD-WEN will not offer any amount to settle this appeal. And as the prevailing parties, the Van Brunts also do not intend to offer any amount to settle this appeal. Given positions of the parties, they have agreed that mediation would not be useful and would only be an unnecessary expense for both sides.

Accordingly, the parties contend that this case is not appropriate for mediation, and would like to bypass the mediation process. You are hereby authorized to convey this letter to the appropriate District Court authorities.

Sincerely,

Christopher M. Alston
Counsel for JELD-WEN, inc.

Cliff J. Taylor
Counsel for the Van Brunts

cc:    Frederick B. Rosner, Esq.
       Daniel K. Hogan, Esq.

50928148.1

# EXHIBIT C

# Cliff I. Taylor

---

| | |
|---|---|
| **From:** | Kevin F. Brady [KBrady@cblh.com] |
| **Sent:** | Tuesday, July 29, 2008 12:37 PM |
| **To:** | Christopher Alston |
| **Cc:** | Cliff I. Taylor; Daniel K. Hogan; Rosner, Frederick B. |
| **Subject:** | RE: Letter re Notice of Mediation in JELD-WEN v. Van Brunt |

Counsel, I have your letter asking to bypass the mediation process.  While I understand your situation, I do not have the authority to agree to that modification to the mandatory mediation process so you will need to petition the Court for the relief.  Please keep me updated as to any petition you might file.  Thank you.  Kevin Brady

**Kevin F. Brady, Esquire**
**Connolly Bove Lodge & Hutz LLP**
**1007 North Orange Street**
**P. O. Box 2207**
**Wilmington, DE 19899**
**(302) 888 - 6257 (Direct Dial)**
**(302) 255 - 4257 (Direct Fax)**
**KBrady@cblh.com**

---

**From:** Christopher Alston [mailto:AlstC@foster.com]
**Sent:** Thursday, July 24, 2008 5:38 PM
**To:** Kevin F. Brady
**Cc:** Cliff I. Taylor; Daniel K. Hogan; Rosner, Frederick B.
**Subject:** Letter re Notice of Mediation in JELD-WEN v. Van Brunt

## Mr. Brady, enclosed is a letter regarding the above matter.  Thank you for your time and consideration.

**Christopher M. Alston**
**FOSTER PEPPER PLLC**
1111 Third Ave., Suite 3400, Seattle, WA 98101-3299
Direct Dial: 206-447-2906; Direct Fax: 206-749-1904
Cell: 206-778-3496; Email: alstc@foster.com

-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-
PRIVILEGED AND CONFIDENTIAL
This e-mail is from the law firm of Foster Pepper PLLC ("FP") and is intended solely for the use of the addressee(s). Please maintain this email and its contents in confidence to preserve the privileges protecting its confidentiality. If you have received this email in error, please immediately notify the Sender and delete the e-mail. Do not copy it or disclose it to anyone. If you are not a FP client, do not construe this e-mail to make you a client unless it so states and disclose nothing to FP in reply that you expect it to hold in confidence.
-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-


This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JELD-WEN, INC., f/k/a Grossman's Inc., | : | |
| | : | |
| Appellant, | : | Case No. 1:08-cv-00427-UNA |
| | : | |
| v. | : | |
| | : | |
| MARY VAN BRUNT and GORDAN VAN BRUNT, | : | |
| | : | |
| Appellees. | : | |
| | : | |
| IN RE: | : | Chapter 11 |
| | : | Case No. 97-00695 (PJW) |
| GROSSMAN'S INC., et al., | : | Case No. 97-00696 (PJW) |
| | : | Case No. 97-00697 (PJW) |
| Debtors. | : | |
| | : | Adv. Pro. No. 07-51602 |

**_[PROPOSED]_ ORDER GRANTING RELIEF FROM
REQUIREMENTS OF DISTRICT COURT STANDING ORDER
DATED JULY 23, 2004, REQUIRING MANDATORY
PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL**

Upon the parties' Joint Motion for Relief from Requirements of District Court

Standing Order Dated July 23, 2004, Requiring Mandatory Participation in Mediation

Proceedings on Appeal (the "Motion") filed in the above-captioned appeal; and this Court

having fully considered the record before it; and proper and adequate notice of the

Motion and any hearing thereon having been given; and no other or further notice being

necessary; and upon the record herein; and after due deliberation thereon; it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.        The parties are hereby granted relief from the Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District, dated July 23, 2004 (the "Mediation Order").

3.        The above-captioned appeal shall proceed before this Court without mediation, provided, however, that this Order shall not affect or be deemed to constitute a ruling on any of the parties' substantive arguments with respect to this appeal.

4.        This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_\_\_, 2008

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the persons identified below via CM/ECF and/or electronic mail on the 30th day of July, 2008.

Christopher M. Alston
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
alstc@foster.com

Frederick B. Rosner
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
frosner@jshllp-de.com
*Counsel to Debtor Jeld-Wen, Inc. f/k/a Grossman's Inc.*

Dated: July 30, 2008

*/s/Daniel K. Hogan*
Daniel K. Hogan (DE Bar No. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656.7540
Facsimile: (302) 656.7599
E-Mail: dkhogan@dkhogan.com